UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-CV-25146

ANDREW SCHARIN,

    Plaintiff,

v.

CELEBRITY CRUISES INC., a
Foreign Profit Corporation,

    Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. Plaintiff, ANDREW SCHARIN is a citizen of the state of California, over the age of eighteen years and is otherwise *sui juris*. At the time of the subject cruise the Plaintiff, ANDREW SCHARIN was a passenger on a Celebrity Cruises Inc.'s vessel, the *Equinox*.

2. Defendant, CELEBRITY CRUISES INC. ("CELEBRITY"), is a Foreign Profit Corporation with its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because CELEBRITY unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-

related suits *only in this Federal District and Division,* as opposed to any other place in the world.

5. Defendant, CELEBRITY at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, § 48.081, §48.181 or §48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f. The Defendant, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Equinox*.

6. Defendant is subject to the jurisdiction of the Courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

8. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, *Equinox*.

9. Defendant, CELEBRITY, at all relevant times, and for at least a decade prior to the incident complained of in this lawsuit, knew of the serious risk of crime and injury to its passengers aboard its vessels, because the Defendant, CELEBRITY had experienced and had actual knowledge of such crimes and injuries, perpetrated aboard its vessels both by crew and by other passengers. These crimes and injuries, upon information and belief, included but were not limited to, assaults and batteries and sexual crimes, and other violence between passengers and between passengers and crew.

10. Defendant, CELEBRITY further had experienced and had actual knowledge of passengers on their vessels being provided with or allowed to gain access to alcohol, when they were clearly intoxicated, and then becoming the assailants and assaulting and battering of other passengers perpetrated aboard said vessels.

11. Defendant, CELEBRITY also knew, or should have known, from previous experience, that the risk of crime and injury against passengers aboard its vessels tended to be greatest when people were intoxicated and rowdy.

12. Defendant, CELEBRITY, at all relevant times, and upon information and belief, anticipated and foresaw that crimes would be perpetrated on passengers aboard its vessels in the future, by passengers who were intoxicated.

13. Defendant, CELEBRITY, at all relevant times, chooses to sell alcohol to passengers aboard its vessels. Upon information and belief, such beverage sales are among the top source of onboard revenue, which determines the profitability of each voyage. Upon further information and belief, Defendant CELEBRITY derives hundreds of millions of dollars in annual revenue from this source alone.

14. Defendant, CELEBRITY knew, or should have known, that the high risk to its passengers of crime and injury aboard the vessels was enhanced by Defendant, CELEBRITY's sale of copious quantities of alcohol on its vessels.

15. Defendant, CELEBRITY knew, or should have known of the need to prevent intoxicated passengers from being provided with or allowed to gain access to alcohol.

16. Defendant, CELEBRITY, at all relevant times, advertises and markets its cruises and vessels in a way calculated to induce prospective cruisers to sail on its vessels. In doing so, Defendant, CELEBRITY deliberately emphasized the positives of its cruises and

vessels, almost to the exclusion of any negatives, such as the risk of crime and injury aboard its vessels, which was well-known to Defendant, CELEBRITY at all relevant times. As a consequence, prospective passengers did not receive sufficient information from Defendant, CELEBRITY to make fully informed decisions to book a cruise, and/or to fully comprehend the need to take precaution for their own safety while aboard its vessels.

17. Instances of assaults occur aboard Defendant's vessels at an alarming rate. Yet Defendant, CELEBRITY fails to take adequate steps or provide adequate security to prevent such assaults and fails to warn its passengers of the growing epidemic of assault at sea. CELEBRITY's motive for failing to warn its passengers is financial in nature; that is, CELEBRITY willfully chooses not to warn its passengers about assaults aboard its ships so as not to scare any prospective passengers away.

18. At the time of booking, and at all other relevant times, the Plaintiff, saw, read, heard about, and relied upon the aforementioned superlative information disseminated to the public by the Defendant, CELEBRITY regarding the cruise experience aboard its vessels, from which the Defendant, CELEBRITY deliberately omitted any mention of a general risk of harm to passengers, aboard its vessels.

19. At the time of booking, and at all other relevant times, the Plaintiff, was made aware of, in any reasonable fashion, of the risks and/or of prior occurrences of crime aboard Defendant, CELEBRITY's vessels; and he therefore was otherwise unaware of any need to rethink going on the cruise and/or to take any special precautions to protect himself.

20. On or about December 29, 2018, Plaintiff, ANDREW SCHARIN boarded the vessel with his wife for a seven-day cruise to celebrate the Christmas holiday and New Year.

21. At all relevant times Plaintiff, ANDREW SCHARIN was a fare paying passenger and lawfully aboard the vessel.

22. On or about the evening of December 31, 2018, while in a public lounge and other public areas aboard the vessel, several adult male passengers, purchased multiple alcoholic beverages and became highly intoxicated.  Employees of CELEBRITY CRUISES continued to serve these intoxicated passengers, in plain view of multiple crewmembers who saw or should have seen it.  These public lounges and other public areas were also under surveillance by the ship's security cameras and personnel.  Neither the crewmembers present on the scene nor did those who were watching or supposed to be watching the surveillance cameras take any action to prevent the continued service of alcohol to the intoxicated passengers.

23. In view of multiple crewmembers and still under surveillance by the ship's security cameras, these adult male passengers, who were obviously drunk, disoriented and not stable, assaulted the Plaintiff, ANDREW SCHARIN outside his cabin.

24. Neither the crewmembers present on the scene nor did those who were watching or supposed to be watching the surveillance cameras take any action to assist the Plaintiff, ANDREW SCHARIN, stop the assault as he was beaten and assaulted.

## CAUSES OF ACTION

### COUNT I
### NEGLIGENCE AGAINST CELEBRITY FOR ASSAULT

Plaintiff realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 24 as though alleged originally herein.

25. At all times material hereto, it was the duty of Defendant CELEBRITY to provide the Plaintiff, ANDREW SCHARIN with reasonable care under the circumstances while he was a passenger aboard the *Equinox*.

26. On or about December 31, 2018, the Plaintiff, ANDREW SCHARIN was injured due to the fault and negligence of Defendant, CELEBRITY, and/or its agents, servants and/or employees as follows:

    a. Failing to provide reasonably safe conditions for Plaintiff, ANDREW SCHARIN, aboard Defendant's vessel. Said safe conditions include, but are not limited to, the prevention of permitting an atmosphere to exist wherein persons could assault passengers;

    b. Failing to adequately monitor the public areas;

    c. Failing to adequately monitor passengers;

    d. Failing to provide adequate security aboard the vessel;

    e. Failing to warn passengers of the dangers of assaults aboard Defendant's ships;

    f. Failing to warn passengers of the prevalence of assaults aboard Defendant's ships;

    g. Failing to adequately monitor and control the conduct of passengers aboard the vessel;

    h. Failing to protect passengers, especially minors, from sexual assaults, physical batteries and/or rapes by other passengers;

    i. Failing to promulgate and/or enforce adequate policies and/or procedures to prevent assaults on passengers aboard Defendant's ships;

    j. Failing to provide adequate training for its crewmembers;

    k. Failing to adequately monitor passengers, so as to keep them away from dangerous passengers and/or dangerous situations;

    l. Failing to promulgate and/or enforce adequate policies and/or procedures to prevent alcohol being served to intoxicated and/or rowdy passengers;

    m. Failing to exercise reasonable care for the safety of its passengers, and by creating a dangerous condition by refusing to intervene to prevent the service of alcohol to

    rowdy and intoxicated passengers, when a reasonable and prudent crewmember would have taken action;

n. Violating the International Safety Management Code by failing to have an adequate Safety Management System Manual and/or by failing to adequately implement and follow the Safety Management System Manual they have, as it related to protecting passengers from assault and aboard Defendant's ships and service of alcoholic beverages to intoxicated and rowdy passengers, all of which caused the Plaintiff to be injured;

o. In other manners not yet known, but which are expected to be revealed in discovery.

27. As a direct and proximate result of the negligence of Defendant, CELEBRITY, the Plaintiff, ANDREW SCHARIN, was directly and proximately caused to be assaulted and/or physically battered by other passengers and suffered severe emotional distress.

28. As a result of the foregoing, the Plaintiff, ANDREW SCHARIN, was injured about his body and extremities, pain and suffering; mental anguish; inconvenience; great shame, psychological trauma, psychological scarring, embarrassment, humiliation, aggravation of preexisting conditions, the loss of the capacity for the enjoyment of life; and other mental and/or nervous disorders, and has incurred medical expenses in the past and will incur medical expenses in the future. The injuries are permanent and/or continuing in nature and he will suffer losses and impairments in the future. Further, Plaintiff lost the value of his vacation cruise.

    **WHEREFORE**, Plaintiff, ANDREW SCHARIN, demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

    DATED THIS 8th DAY OF JANUARY, 2020.

                                        By:*/s/ David F. Baron*
                                            David F. Baron, Esquire

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically served to all counsel or parties on record on this 8th day of January, 2020.

        **BARON & HERSKOWITZ**
        One Datran Center
        9100 South Dadeland Boulevard
        Suite 1704
        Miami, Florida 33156
        Telephone: (305) 670-0101
        Fax:     (305) 670-2393
        *Attorneys for Plaintiff*

By    */s/David F. Baron*
        DAVID F. BARON, ESQUIRE
        Fla. Bar. No.: 297089
        Service E-mail: David@bhfloridalaw.com
                Secretary@bhfloridalaw.com